FILED
CLERK, U.S. DISTRICT COURT
2/4/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ____MMC____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

January 2025 Grand Jury

| UNITED STATES OF AMERICA, | CR No. 2:25-CR-00081-MWF |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [21 U.S.C. §§ 841(a)(1), (b)(1)(C): Distribution of Fentanyl Resulting in Death and Serious Bodily Injury; 21 U.S.C. §§ 841(a)(1), (b)(1)(B): Possession with Intent to Distribute Methamphetamine; 21 U.S.C. § 853: Criminal Forfeiture] |
| MICHAEL MCDEVITT, | |
| Defendant. | |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

On or about September 14, 2021, in Ventura County, within the Central District of California, defendant MICHAEL MCDEVITT knowingly and intentionally distributed N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance, the use of which resulted in the death and serious bodily injury of victim C.R.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)]

On or about September 14, 2021, in Ventura County, within the Central District of California, defendant MICHAEL MCDEVITT knowingly and intentionally possessed with intent to distribute at least 5 grams, that is, approximately 26.86 grams, of methamphetamine, a Schedule II controlled substance.

FORFEITURE ALLEGATION

[21 U.S.C. § 853]

1.  Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of the defendant's conviction of the offenses set forth in this Indictment.

2.  The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendants obtained, directly or indirectly, from any such offense;

   (b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

   (c)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.  Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished

in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL


                                        /S/_____
                                        Foreperson

JOSEPH T. MCNALLY
Acting United States Attorney

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

*Frances D. Lewis*

FRANCES S. LEWIS
Assistant United States Attorney
Chief, General Crimes Section

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes Section

CLIFFORD D. MPARE
Assistant United States Attorney
General Crimes Section